WILLIAM H. KING *vs.* EAGLE MILLS.

If payment for goods sold and delivered is resisted on the ground, among other defences, that the plaintiff falsely and deceitfully represented them to be of a particular quality, the defendant, to support this defence, must prove not only that the representations of quality were untrue, but that the plaintiff knew them to be so when he made them; and an omission so to rule will entitle the plaintiff to a new trial, after a verdict against him.

CONTRACT brought to recover the price of a quantity of rubber rags, sold and delivered by the plaintiff to the defendants.

The answer, among other things, averred that the rags were a different article from that for which the defendants bargained, and of an inferior quality ; that they were unfit for use ; that the same were never accepted by the defendants ; that the plaintiff falsely represented them to be of a kind suitable for the defendants' business ; and that the sale was by sample, and the rags delivered were not equal to the sample in quality, and were not of the same kind, and were not of the kind and quality known as rubber rags.

At the trial in the superior court, before *Rockwell*, J., there was evidence tending to show that the sale was by the plaintiff to an agent of the defendants, named Fuller ; and that the plaintiff told Fuller that the rags were from a belting factory and not from suspender or rubber factories, like rags previously sold by the plaintiff to the defendants. Fuller testified that the plaintiff did not tell him the rags were from a belting factory

but that they were better than rags from suspender or rubber factories; and that he said to the plaintiff, " You know what I want, (the defendants being manufacturers of paper, as the plaintiff knew,) and if it is better, as you say, I will give you eleven cents a pound for it." All this was denied by the plaintiff. Samples were produced and exhibited at this interview. Fuller afterwards asked if the plaintiff had concluded to sell the rags at eleven cents, and the plaintiff said, No, but if he had the stock he would send it the next day. This was accordingly done, but the defendants, upon examining it, notified the plaintiff that they would not accept it, on the ground that it was different from the samples and representations of the plaintiff. The goods in fact were rags from a rubber belting factory, and inferior in value to rags from suspender and webbing factories.

The plaintiff's counsel argued to the jury that, if the defendants would avoid the sale on the ground of deceit, they must prove that the plaintiff's representations were untrue, and that he knew them to be so at the time he made them. The defendants' counsel complained that the plaintiff's counsel in his argument had misstated the grounds of defence. The plaintiff's counsel then asked, in the presence of the jury, if the defendants abandoned the defence of deceit; to which the defendants' counsel replied that they did not. The plaintiff's counsel then asked the court to instruct the jury that, if the defendants relied upon false representations by the plaintiff, they must prove not only that the representations relied on were made, and were untrue, but also that the plaintiff knew them to be untrue when he made them. He also made various other requests for instructions.

The judge declined to give instructions in the form requested, but instructed them, upon the points above stated, only as follows:

"Although the defendants agreed to purchase the goods, yet if the goods delivered were a substantially different article, or if the goods were falsely represented by the plaintiff to be a kind of goods different from the goods described, and the kind of goods delivered to the defendants were of no value as stock to

make paper of, then the defendants had a right to refuse the goods, and refuse to pay for them. The evidence tends to show that samples were used. The defendants contend that the bargain was made for rubber rags; that the only article known to the paper trade as rubber rags were the rags from suspender or webbing manufactories; that both parties knew this; and that the plaintiff knew that the defendants supposed they were buying that kind of goods, but delivered rags which came from a belting manufactory, an article worthless in the manufacture of paper, and not known to the trade as rubber rags. If you are satisfied these were the facts, the defendants had a right to reject the goods, and the plaintiff cannot recover. The plaintiff contends that the evidence shows that the goods delivered were rubber rags; that they were substantially according to the samples; that he told the defendants' agent that they were rubber rags, not coming from suspender or webbing manufactories, but from a belting factory; and that, after looking at the samples, the defendants' agent said they knew how to remove the rubber from the rags, and so he was willing to buy them, although they were not generally considered stock fit to use in making paper; and if he satisfies you of all this, he has a right to recover."

The jury returned a verdict for the defendants, and the plaintiff alleged exceptions.

*G. M. Stearns,* for the plaintiff.

*J. Wells,* for the defendants.

BIGELOW, C. J. We can see no error in the rulings or instructions at the trial of this case, so far as they included the points which were in issue between the parties. But it seems to us that they were deficient in wholly omitting to advise the jury as to the rule of law by which they were to be guided in considering one of the grounds of defence relied on by the defendants to defeat the action. The answer sets forth three distinct and substantive allegations, on which the plaintiff's right to ecover is denied. The first is, that the merchandise, which was the subject of the contract between the parties, was different in kind and quality from that which was delivered. The second is, that the goods were sold by sample, and that those forwarded

to the defendants did not correspond therewith. The third ground of defence as alleged is, that the plaintiff falsely represented to the defendants that the articles were of a kind and quality suitable for the defendants' business. The first two allegations or grounds of defence were fully comprehended within the instructions given to the jury, and the rules of law applicable thereto were accurately stated. But the third ground, although alluded to in the instructions, was left without any apt or precise rulings adapted to meet the phase of the case presented by the facts under this branch of the defence.

We cannot suppose that the defendants waived their averment of deceit, or did not rely upon it as constituting a sufficient reason for rescinding the contract and refusing to receive the merchandise. Any such inference is excluded by the express statement of their counsel, in answer to an inquiry put by the plaintiff's counsel, before the charge to the jury, that he did not intend to abandon that ground of defence. The case therefore went to the jury on the distinct and independent issue of a false representation in the sale of the goods, in addition to the other grounds of defence set up in the answer.

There can be no doubt that a vendee may rescind a contract for the sale of chattels, and refuse to receive or accept them, if the vendor has been guilty of deceit in inducing the former to enter into the bargain. But to maintain a defence to an action for the price of goods on this ground, the same facts must be proved which would be necessary to maintain an action for damages for deceit in the sale of goods. The elements necessary to support such an action or maintain a defence on the ground of deceit were correctly stated in the prayer for instructions on this point, submitted by the plaintiff's counsel at the trial. This prayer was not only refused in the form in which it was requested, but no adequate instructions were given in elation to this part of the case. There was an omission to state that the sale could not be rescinded on this ground unless the jury were satisfied that the representations were not only false, but that the defendants knew them to be false at the time they were made. This was an essential element which the

defendants were bound to prove in order to maintain their defence
to the action on the ground of deceit, and the plaintiff was enti-
tled to an explicit instruction on this point. The omission to in-
clude it in the instructions given to the jury is fatal to the ver-
dict. We have no means of knowing that the jury did not act
on this ground of defence, and found their verdict on a misap-
prehension of the rules of law applicable to it.

*Exceptions sustained.*